United States District Court
Southern District of Texas
**ENTERED**
October 11, 2017
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | 2:15-CR-881 |
| | § | (2:17-CV-214) |
| RIGOBERTO CORDOVA-CRUZ, | § | |
|     Defendant/Movant | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Rigoberto Cordova-Cruz (Cordova-Cruz) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 30). Pending before the Court is the Government's motion for summary judgment (D.E. 38), to which Cordova-Cruz filed a reply (D.E. 39).

## I. BACKGROUND

### A. Criminal Offense

Cordova-Cruz attempted to cross the border at the Sarita Border Patrol Checkpoint on September 2, 2015. When asked by immigration officials, he revealed he was a citizen of Honduras and did not have authority or permission to enter the United States. D.E. 14, ¶ 4. He was previously deported in 2006, 2012, and 2015. Cordova-Cruz was arrested and charged with illegal reentry.

### B. Criminal Proceedings

Cordova-Cruz pled guilty without a plea agreement on November 13, 2015, to the charge of illegal reentry before a federal magistrate judge. The Court accepted his guilty plea on December 4, 2015.

A Presentence Investigation Report was prepared. D.E. 14. The base level offense for illegal reentry is 8. U.S.S.G. § 2L1.2(a). Cordova-Cruz had one or more previous convictions that qualified as a crime of violence and increased his base offense level by 16 levels. His total offense level was calculated to be 21, after credit for acceptance of responsibility. He had 14 criminal history points resulting in application of criminal history category VI, and yielding a Guidelines sentencing range of 77 to 96 months' imprisonment. Defense counsel filed an objection to the 16-level enhancement for a crime of violence.

At sentencing, and after having been furnished with the documents of conviction for Cordova-Cruz' prior convictions in 2009, 2008, and 2006, defense counsel agreed that Cordova-Cruz' offense level and his Guidelines sentencing range had been correctly calculated. D.E. 36, pp. 3-4. The Court heard arguments regarding Cordova-Cruz' criminal history, his honesty in admitting to immigration officials at the checkpoint that he did not have legal authority to enter the United States, his motivation to return to care for his ill mother, and the Government's counter-arguments. The Court imposed a 54-month sentence of imprisonment, no supervision, and no fine. The Court did so as a variance based upon the factors in 18 U.S.C. § 3553(a), after the Court was advised that the new 2016 Guidelines, which were not yet in effect, would have reduced Cordova-Cruz' Guidelines sentencing range to 63 to 78 months' imprisonment. *Id.*, p. 12. Judgment was entered on July 20, 2016. Cordova-Cruz did not appeal. He filed his present motion on June 15, 2017. It is timely.

## II. MOVANT'S ALLEGATIONS

Cordova-Cruz' § 2255 motion raises several grounds of relief, but the nature of his claims is not entirely clear. The Court understands Cordova-Cruz to raise several claims of ineffective assistance of counsel: 1) counsel recommended Cordova-Cruz plead guilty knowing

that he would receive a 16 level enhancement; 2) counsel failed to seek a downward variance; and 3) counsel failed to bring the newly-enacted Guidelines to the Court's attention, which would have reduced Cordova-Cruz' sentence. In addition, Cordova-Cruz asserts a claim that the Court abused its discretion by not applying the new Guidelines.

The Government moved for summary judgment on Cordova-Cruz' claims. Cordova-Cruz filed a reply that added claims that the Court procedurally erred by failing to appreciate its discretion to vary from the advisory Guidelines and by failing to allow him to allocute before sentencing.

### III. ANALYSIS

**A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.  Claims that the Court Erred**

Cordova-Cruz raises three claims of error directed at the Court. First, he claims that the Court abused its discretion by not applying the 2016 Sentencing Guidelines that were not yet effective. Next, he claims that the Court did not allow him to allocute before pronouncing sentence. Finally, he claims the Court did not appreciate its discretion to vary from the

3

Guidelines.

Cordova-Cruz' first claim is not cognizable in this action. A district court's technical application of the Sentencing Guidelines is not a constitutional claim and is, therefore, not properly brought pursuant to § 2255. *United Sates v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992) (per curiam) ("Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.").

Cordova-Cruz' claim that the Court did not allow him to allocute is rebutted by the record. After defense counsel argued, the Court asked Cordova-Cruz what he would like to say. D.E. 36, p. 8. Cordova-Cruz responded by explaining he returned to the United States to see his ailing mother.[1] This claim is without merit.

---

[1] Mr. Cordova, what would you like to say at this point?
THE DEFENDANT: Yes, your Honor. I would like you to give me the opportunity to speak before you sentence me if you would allow that to me.
Well, I would like to, first of all, thank you; and I apologize to you and to everyone here for making you spend time here with me working on this problem. The reason that I came over, your Honor, was the only person that I have in this world is my mother; and she's very ill.
When I was deported to Honduras, I called my mother twice or three times. She fainted. She's seriously ill. She has help from no one. Her church helps her pay rent and expenses. So, I felt obligated to return because she is ill and she needs me and I am her only son.
I'm afraid that she's going to have problems here, your Honor. I know I shouldn't have returned. I didn't want to. What I want to do is take her to Honduras, to take her elsewhere. She's suffering a great deal. I know I've committed errors. I repent for that. She is all I have; and I am afraid that once I leave jail, I may not find her.
I don't have any words, your Honor. All that I ask is that whatever you do you do for her. Don't do it for me, do it for my mother. That is all. And may God bless you, your Honor.
*Id*.

Cordova-Cruz next claims that the Court did not appreciate its discretion to deviate from the advisory Sentencing Guidelines. Yet the record reflects that the Court did just that; it sentenced Cordova-Cruz to 54 months' imprisonment, a sentence that is below both the applicable Guidelines range and the new Guidelines range. During the sentencing hearing, the Court announced that it was considering a variance based upon the factors in 18 U.S.C. § 3553.[2] Cordova-Cruz' claim that the Court did not appreciate its discretion is contradicted by the record.

## C. Ineffective Assistance of Counsel

### 1. *Standard for reviewing ineffective assistance of counsel claims*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that

---

[2] THE COURT: Both sides make points that I will take
into consideration; and there are a lot of factors that I looked
at, Mr. Cordova, in trying to determine what is an appropriate
punishment for this offense which is illegal reentry. I'm not
sentencing you for burglary, theft, or anything else right now;
but those matters affect your sentence.
The crimes you've committed before, the aliases
You've used, the deception that you've used with law enforcement
and so forth, those matters, of course, are taken into
consideration.
In view of the sentence that you received before,
I do believe a slight variance is in order. . . .
Well, I think I'm getting to where the new
guidelines will be is what I think will be a sufficient
sentence. *I'm going to vary under the 3553 factors*, and I'm
going to sentence you to 54 months with no supervision, no fine,
a $100 special assessment.

5

this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

2. *16 level enhancement*

Cordova-Cruz complains that counsel encouraged him to enter a guilty plea that exposed him to a 16 level enhancement. It is unclear from Cordova-Cruz' motion exactly why he contends that counsel's performance fell below reasonable professional standards. Cordova-Cruz does not state that he had any defense to the charge of illegal reentry.

During the plea colloquy before the federal magistrate judge, Cordova-Cruz responded to the magistrate judge's questions and acknowledged that he had enough time with his attorney, understood the charge against him; understood the maximum punishment of up to 20 years' imprisonment; the manner in which his sentence would be calculated; testified his plea was voluntary; and that he had not been threatened or promised leniency. He admitted that he was a citizen of Honduras who had previously been deported in 2006. He admitted he reentered the United States without obtaining permission and claimed no legal right to be in the United States.

---

D.E. 34, pp. 11-12 (emphasis added).

D.E. 34, pp. 19-20, 21-23, 24-29, 32-33. After rearraignment, the magistrate judge recommended that Cordova-Cruz' plea of guilty be accepted. The Court accepted it. D.E. 13.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (holding after-the-fact self-serving statements or testimony receive less weight than testimony during plea colloquy); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured).

Cordova-Cruz has not demonstrated that he was misled or did not understand the significance of his guilty plea. He did not object to the Findings and Recommendation of the Magistrate Judge and posed no objection at sentencing. If Cordova-Cruz had chosen to go to trial and been sentenced after trial, a 16 level enhancement would still have applied, but he would have lost credit for acceptance of responsibility. On this record, the Court finds that Cordova-Cruz has not demonstrated prejudice from counsel's allegedly flawed recommendation that he plead guilty.

   3. *Counsel failed to request a downward variance*

Cordova-Cruz argues that his counsel failed to request a downward variance at sentencing, and his failure to do so constituted ineffective assistance of counsel. This claim is refuted by the record. Although counsel did not file a sentencing memorandum, he argued to the Court that the Guidelines sentencing range was greater than necessary to achieve sentencing

goals and recommended a sentence of 48 months' imprisonment. D.E. 36, p. 7.[3] Cordova-Cruz' claim on this issue is without merit.

    4.    *Counsel failed to argue the new Guidelines range*

Cordova-Cruz argues that defense counsel failed to advise the Court of the new Guidelines that were effective on November 1, 2016. Under the new Guidelines, his sentencing range would be reduced from 77 to 96 months' imprisonment to 63 to 78 months'. However, counsel argued for a downward variance to 48 months' imprisonment. In the context of his argument, the new Guidelines did not further his argument. Moreover, the probation officer advised the Court of the new Guidelines. After hearing from the probation officer, the Court sentenced Cordova-Cruz below the new Guidelines range to a sentence of 54 months' imprisonment. As a result, Cordova-Cruz cannot demonstrate prejudice from counsel's alleged failure.

---

[3] So, I pose to the Court that the last time he was in a Court -- Federal Court -- in any Court actually was for this illegal reentry where he got 24 months. We don't know how they achieved that goal. We don't know how they did that, especially given the fact that his prior offenses were so close in time to that reentry they saw there some reason why they shouldn't go the full bore on that case.
So, I'm asking the Court to consider -- the *situation we're in now is three times greater -- more than three times greater what the Federal Court in Illinois did; and I'm just asking the Court to consider the fact that three times I don't think is – it's more than sufficient. In other words, it's not – it's too much. So, I'm asking the Court to consider sentencing him to twice what the Court in Illinois did, that is --*
THE COURT: 48?
MR. MORALES: -- *48 months*, your Honor, and then together with whatever on the revocation which we'll address at a later time.
But I think that sort of escalates the punishment but also reflects where we started in Illinois and sort of reflects the -- his general attitude of being honest with all the authorities and giving up the ghost very quickly. So, I think that's what I'm suggesting to the Court.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Cordova-Cruz has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

---

*Id.*(emphasis added).

Based on the above standards, the Court concludes that Cordova-Cruz is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion for Summary Judgment (D.E. 38) is **GRANTED**. Cordova-Cruz' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 30) is **DENIED,** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 11th day of October, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE